**Mary C. GRUBB, Petitioner-Appellant,**

v.

**TENNESSEE CIVIL SERVICE COM-
MISSION, et al.,
Respondents-Appellees.**

Court of Appeals of Tennessee,
Western Section, at Nashville.

Jan. 23, 1987.

Application for Permission to Appeal
Denied May 4, 1987.

Steven C. Grubb, Memphis, for petition-
er-appellant.

W.J. Michael Cody, Atty. Gen., Mary Ken-
dall Kallaher, Asst. Atty. Gen., for respon-
dents-appellees.

CRAWFORD, Judge.

Petitioner, Mary C. Grubb, appeals from
the judgment of the chancery court affirm-
ing the decision of the Civil Service Com-
mission relating to her resignation and sick
leave.

Ms. Grubb was an employee of Tennes-
see Department of Human Services (TDHS)
from December 6, 1976, until January 6,
1984. She served as county director of
Haywood County Department of Human
Services from April 1, 1978, until July 16,
1983, when she was transferred to Harde-
man County and demoted to Junior Eligibil-
ity Counselor. This demotion ostensibly
occurred because of recurring conflicts be-
tween Ms. Grubb and her immediate super-
visor, although she had not had any such
trouble with any of her previous supervi-
sors. In August, 1983, because of depres-
sion and on recommendation of her family
doctor, she obtained one week of sick leave.
Based on the doctor's recommendation she
was granted additional sick leave which
ended on October 27, 1983, when her psy-
chiatrist, Dr. Katz, released her to return
to work as of that date. She did return to
work on November 2, 1983, but at that time
she requested that her sick leave continue
through the balance of November. She
left work on November 2, 1983, without
first obtaining the leave approval request-
ed. Dr. Alan Battle, a clinical psychologist,
recommended that she be granted sick
leave through the first week of December,
although the psychiatrist, Dr. Katz, had
released her to return to work on October
27th. The Commissioner of Human Servic-
es advised Ms. Grubb that her request for
the additional sick leave had been denied
and that she had been on an approved leave
without pay as of November 2, 1983, until
she returned to work on November 10,
1983.

On December 3, 1983, Ms. Grubb wrote
letters to the county director of her depart-
ment in Hardeman County and the Com-
missioner of Human Services and request-
ed that she be relieved immediately from
her position as Junior Eligibility Counselor
and be placed on annual leave with pay.
Her leave was approved through January
3, 1984, until a decision could be reached by

the Tennessee Department of Human Services. Ms. Grubb was notified on January 3, 1984, that she was denied additional leave, and she was informed that if she failed to return to work within two days she would be considered to have resigned. She failed to return to work and on January 6, 1984, the Commissioner sent Ms. Grubb a letter advising her that since she had failed to report to work for two consecutive days after expiration of authorized leave in violation of personnel rules, she would be considered as having resigned her job not in good standing.

Ms. Grubb filed four separate grievances against TDHS, and pursuant to T.C.A. § 4–5–301(a)(2) the civil service case was first heard by an administrative law judge. The administrative law judge in the initial order resolved grievances 1, 2, and 4 in favor of Ms. Grubb and grievance 3 in favor of TDHS. Pursuant to T.C.A. § 4–5–315 both parties duly appealed to the Civil Service Commission. After its review, the Commission affirmed the initial order in favor of Ms. Grubb as to grievances 1 and 2, and this appeal does not involve these two grievances. The Commission affirmed the initial order in favor of TDHS as to grievance 3 involving the sick leave controversy and reversed the order in favor of Ms. Grubb as to grievance 4, the resignation question. On petition for judicial review in the chancery court pursuant to T.C.A. § 4–5–322, the chancellor affirmed the Civil Service Commission which resulted in this appeal.

The chancellor, after making the required record review, pursuant to T.C.A. § 4–5–322(j) filed an excellent memorandum setting forth the findings of fact and conclusions of law which we quote in toto:

> This case concerns the decision of the Tennessee Civil Service Commission to uphold the petitioner's resignation of her job not in good standing and the decision that the petitioner was on unapproved leave without pay from November 2 through November 10, 1983. Review by this Court is pursuant to the Uniform Administrative Procedures Act (UAPA). T.C.A. § 4–5–322.

> The petitioner was an employee of the Tennessee Department of Human Services from December 6, 1976 until January 6, 1984. She served as the County Director of the Haywood County Department of Human Services from April 1, 1978 until July 16, 1983 when she was demoted to Junior Eligibility Counselor in Hardeman County.

> On recommendation of her family doctor in August, 1983, the petitioner obtained one week of sick leave due to depression. Based on his and other doctors' recommendations, she was granted additional sick leave which ended on October 27, 1983. Dr. Gilbert Katz, a psychiatrist who was treating the petitioner, released her to return to work on this date.

> The petitioner returned to work; however, on November 2, 1983, she requested sick leave through the rest of November, 1983. Without getting leave approval, the petitioner left her job on November 2. That same day, she was examined for the first time by Dr. Allen Battle, a clinical psychologist, who recommended by letter to the department that the petitioner be granted sick leave through the first week of December. The petitioner did not return to work until she received a letter from the Commissioner of the Department of Human Services advising her that her leave request had been denied and that she was on unapproved leave without pay starting November 2, 1983 continuing through November 10, the day the petitioner returned to work.

> On December 29, 1983, the petitioner wrote letters to the County Director in Hardeman County and the Commissioner requesting that she be relieved immediately from her position as Junior Eligibility Counselor and be placed on annual leave with pay. Her leave was approved through January 3, 1984, until a decision in the matter could be reached. The petitioner was advised on January 3 that additional leave was denied. However,

she failed to report to work on January 4, 1984. On January 6, the Commissioner sent a letter to the petitioner advising her of her separation from employment for failure to report to work two consecutive days after the expiration of authorized leave and that she would be considered as having resigned her job not in good standing.

The petitioner filed four separate grievances against the department which were consolidated for review before the Civil Service Commission. After holding a hearing in the matter, the administrative law judge issued an initial order resolving grievances one, two, and four in favor of the petitioner and grievance three in favor of the department. Both the petitioner and the department appealed the initial order. The Commission issued a final order on July 10, 1985 resolving grievances one and two in favor of the petitioner and grievances three and four in favor of the department.

On review to this Court, the petitioner is seeking review of the Commission's decision in regard to grievances three and four. Grievance three concerns the denial of sick leave to the petitioner November 2 through November 10, 1983. The fourth grievance concerns the termination of the petitioner as of January 6, 1984 for failure to report to work following the denial of annual leave.

The Court's review of the Civil Service Commission's findings of fact is limited to a determination of whether there exists substantial and material evidence to support the agency's findings of fact and conclusions of law. Unless the agency's findings are "arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion," the findings must stand. T.C.A. § 4-5-322(h).

Department of Personnel Rule 1120-2-2-.13(4) states that any employee who failed to report to duty or to the immediate supervisor or the appointing authority within two business days after the expiration of any authorized leave of absence, shall be considered as having resigned not in good standing, absent existent circumstances over which he has no control.

The petitioner contends that the Commission's conclusion that she resigned pursuant to Rule 1120-2-2-.13(4) is not supported by substantial and material evidence and that it was an abuse of discretion for the Commission to reverse the administrative law judge's decision as to this grievance. She also alleges that the Commission's denial of sick leave for November 2 through November 10, 1983 is unsupported by substantial and material evidence.

As to grievance four, Doris Wiggins, the petitioner's immediate supervisor in Hardeman County, testified that she instructed the petitioner that her leave was approved through January 3, 1983 until the regional director and chief of field services for the department discussed the matter further. When Wiggins learned that the petitioner's leave request had been denied, she contacted her on January 3 and advised her of the decision and that she was now on unapproved leave. On January 4, 1984, after the petitioner failed to return to work, Wiggins again contacted her and advised the petitioner of Rule 1120-2-2-.13(4). The petitioner testified that as a past county director she was aware of the state's leave policy but that she chose not to return to work.

The petitioner contends that she suffered from depression because of her demotion which was an existent circumstance out of her control which kept her from returning to work. However, during the time that the petitioner was on leave, her depression did not interfere with her taking graduate courses at the University of Tennessee in Memphis, commuting from Brownsville to Memphis. The Court concludes there is substantial and material evidence in the record to support the Commission's decision that the petitioner resigned not in good standing.

As to grievance three, Thomasin Wadley, who was the petitioner's immediate supervisor on November 2, 1983, testified that the petitioner presented her with a leave request for November 2 through December 7, 1983, but that she gave no indication to the petitioner that she was approving the leave request. The petitioner testified that she was aware of state policy that an employee must receive approval before taking leave. Donald Holland, Regional Director of the Department of Human Services, testified that in denying the petitioner's sick leave request, the department considered the fact that the petitioner's treating physician, Dr. Katz, had released her to return to work on October 27, 1983 and that Dr. Battle who recommended additional sick leave had treated the petitioner for the first time on November 2, 1983, at which time he recommended additional leave. Thus, there is substantial and material evidence in the record to support the conclusion of the Commission to uphold the decision to deny the petitioner sick leave.

Counsel for the Commission should prepare an order affirming the Commission's decision and taxing costs to the petitioner.

The Trial Court and this Court on appeal are required by the provisions of the Administrative Procedures Act to review the findings of fact of an administrative agency upon a standard of substantial and material evidence and to consider the entire record, including any part detracting from evidence supporting the findings of the agency. The Court may not review issues of fact *de novo* or substitute the judgment of the Court for that of the agency as to the weight of the evidence. T.C.A. § 4–5–322(h), T.C.A. § 4–5–323, *Reece v. Tennessee Civil Service Commission*, 699 S.W.2d 808 (Tenn.App.1985). Our Supreme Court stated in *Southern Railway Company v. State Board of Equalization*, 682 S.W.2d 196 (Tenn.1984):

Substantial and material evidence is such relevant evidence as a reasonable mind might accept to support a rationale conclusion and such as to furnish a reasonably sound basis for the action under consideration.

*Id.* at 199.

From our review of the record it appears that Ms. Grubb was well aware of the personnel rule which provides that an employee who fails to report for duty within two business days after the expiration of any authorized leave of absence shall be considered as having resigned not in good standing. This rule was brought to Ms. Grubb's attention at least twice before her resignation became effective. Although Ms. Grubb contends that there were existent circumstances over which she had no control which excused her from the application of the rule, we feel the record is clear that she made a conscious decision to not comply with the rule instead of utilizing accepted grievance procedures. Her mere dissatisfaction, unhappiness, and inconvenience because of her working conditions do not appear to be sufficient justification for violation of the personnel rule when there are accepted grievance procedures available. We concur with the chancellor's findings that the record contains substantial and material evidence to support the Civil Service Commission's decision that Ms. Grubb resigned not in good standing pursuant to Department of Personnel Rule, 1120–2–2–.13. As to sick leave, we find ample evidence to support the Commission's ruling that there was justification for denying the additional sick leave requested by Ms. Grubb.

Accordingly, the judgment of the chancery court is affirmed and this case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.